**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
1255 West 15th St., 805
Plano, TX 75075
T 972-578-1400
F 972-346-6791

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: | Case No.: 17-40662-BTR-11 |
| NIGHT HORSE CO., LLC, | Chapter: 11 |
| 45-5064755 | |
| 8331 Thatcher Road | |
| Argyle, TX 76226 | |
| Debtor. | |

DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING
THE INTERIM AND FINAL USE OF CASH COLLATERAL

NOTICE

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

TO THE HONORABLE BRENDA T. RHOADES
CHIEF UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW**, Night Horse Co., LLC, Debtor and Debtor in possession in the above-styled and numbered cases (the "**Debtor**"), and files this *Night Horse Co., LLC's, Emergency Motion for Order Authorizing the Interim and Final Use of Cash Collateral* by and through the undersigned attorney. Debtor requests the entry of an interim order substantially in the form attached hereto as Exhibit "A" (the "**Interim Order**") and a final order (the "**Final Order**", and in conjunction with the Interim Order, the "**Cash Collateral Orders**"), pursuant to 11 U.S.C. §§ 105, 361, and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing Debtor

to use the cash collateral of the Secured Lender (defined *infra*) and granting adequate protection thereto; and (b) prescribing the form and manner of notice and setting the time for the final hearing on this Motion (the "**Final Hearing**"). The facts and circumstances supporting this Motion are set forth in the Affidavit of Randall W. Trost (the "**Trost Affidavit**"), filed concurrently herewith. In support thereof Debtor respectfully shows the Court as follows:

## I.      JURISDICTION

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding. 28 U.S.C. §§ 157(b)(1), (b)(2)(M).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 361 and 363 of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and LBR 4001 of the United States Bankruptcy Court for the Eastern District of Texas (the "**Court**").

## II.      BACKGROUND

### A.      Procedural History

4. This case was commenced by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on March 31, 2017 (the "**Petition Date**").

5. No trustee or examiner has been appointed, and no official committee of creditors has yet been established.

### B.      Business History and Operations

6. Debtor is a Texas limited liability company which owns and operates a signage and vehicle wrap production and design facility in Carrollton, Texas.

7. Debtor is currently headquartered in Argyle, Texas, and conducts business nationally.

8. Debtor was acquired by Randall W. Trost and Kim L. Trost (husband and wife) (the "**Principals**") on July 6, 2012, from Banner Express II, Inc., for the sum of $3,000,000.

### C.   Secured Lenders

9. In accord with Bankruptcy Rule 4001(b)(1)(B)(i) and (iii), Debtor's secured creditors[1] that may have filed a UCC-1 financing statement in order to perfect a security interest in personal property, are as follows:

| LENDER | COLLATERAL |
|---|---|
| **JP Morgan Chase Bank, NA.**<br>Collateral Management Small Business<br>P.O. Box 33035<br>Louisville, KY 40232-9891<br><br>**Original Loan Date:** July 6, 2012<br>**Maturity Date:** June 6, 2022<br>**Estimated Balance:** $1,215,002.28<br>**Original Balance:** $1,618,100.00<br>**Obligor(s):** Night Horse Co., LLC<br>**Guarantor(s):** Principals<br>Night Horse Properties, LLC<br><br>**UCC-1 Filed:** July 10, 2012<br>**Continuation Filed** January 12, 2017 | All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later, all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds). |
| **JP Morgan Chase Bank, NA.**<br>1200 West University Drive<br>Denton, TX 76201<br><br>**Appears to be duplicative of above (Different Address)**<br><br>**UCC-1 Filed:** September 28, 2012 | All Inventory, Chattel Paper, Accounts, Equipment and General Intangibles; whether any of the foregoing is owned now or acquired later, all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds). |

10. JP Morgan Chase, NA, asserts it is secured by first priority liens on and security interests in substantially all of Debtor's personal property.

---

[1] Premised upon the UCC-1 filings and other related security documents reviewed to date of the Debtor.

11.     As described in the Trost Declaration, in the normal course of business, Debtor uses cash on hand and cash flow from operations to fund working capital, capital expenditures, material acquisition, and for other general corporate purposes. An inability to use these funds during the chapter 11 cases would cripple Debtor's business operations. Indeed, Debtor must use its cash to, among other things, continue the operation of the business in an orderly manner, maintain business relationships with vendors, suppliers and customers and satisfy other working capital and operation needs—all of which are necessary to preserve and maintain Debtor's going-concern value and, ultimately, effectuate a successful reorganization.

### III.     RELIEF REQUESTED

12.     By this Motion and pursuant to 11 U.S.C. §§ 105, 361 and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, the Debtor requests that the Court grant the following relief:

   a.     Authorize Debtor, **on an interim basis**, pursuant to section 363(c) of the Bankruptcy Code, to use proceeds of assets on which JP Morgan Chase, NA, (the "**Secured Lender**") asserts a lien and security interest (the "**Cash Collateral**")[2] in accord with the budget attached hereto as Exhibit "2" (the "**Budget**");

   b.     Authorize Debtor, **on an interim basis**, pursuant to sections 361 and 363 of the Bankruptcy Code, to provide the adequate protection described herein to the Secured Lender as regards any diminution in value of the Secured Lender's interest in the Collateral as existing on the Petition Date ("**Prepetition Collateral**"), whether from the use of Cash Collateral or the use, sale, lease, depreciation, or decline in value of said collateral;

---

[2] The Debtor does not hereby admit or consent to the validity, priority, extent or enforceability of the liens asserted by Secured Lender and hereby reserves all rights with respect thereto.

      c.      Schedule the Final Hearing pursuant to Bankruptcy Rule 4001 no later than fourteen (14) days after the entry of the Interim Order, to consider whether the Secured Lender has a valid and perfected security interest in the assets of the Debtor.

### IV.    BASIS FOR RELIEF

#### A.    Immediate Need for Use of Cash Collateral

13.    Pursuant to Bankruptcy Rule 4001(b)(2), the Court may conduct a preliminary cash collateral hearing within fourteen (14) days of the Petition Date if the relief requested is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

14.    Debtor has an immediate need for the use of Cash Collateral pending a final hearing on this Motion. As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund its business operation.

15.    Without the use of Cash Collateral, Debtor will have no ability to operate the business. Debtor will not be able to pay its vendors and its vendors will likely cease to provide goods and services to Debtor on credit. Debtor will not be able to fund its payroll. ATR will not be able to pay professionals necessary for the successful reorganization of its business. Finally, Debtor will not be able to service the needs of its customers. All of these outcomes will cause immediate and irreparable harm to the Debtor bankruptcy estate.

16.    Debtor's ability to finance its operations and the availability to the Debtor of sufficient working capital and liquidity through the use of Cash Collateral is vital to the confidence of its employees, suppliers, and customers and to the preservation and maintenance of the going-concern value and other values of the bankruptcy estate. Debtor, therefore, seeks immediate authority to use the Cash Collateral as set forth in the Motion and

in the Interim Cash Collateral Order to prevent immediate and irreparable harm to its bankruptcy estate pending the Final Hearing pursuant to Bankruptcy Rule 4001(c).

17. Debtor has formulated a Budget for the use of Cash Collateral from the Petition Date through two weeks (14 days) thereafter. Debtor believes the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business during the subject time period so as to avoid immediate and irreparable harm to the bankruptcy estate pending a final hearing.

18. Accordingly, Debtor seeks to use Cash Collateral existing on or after the Petition Date that may be subject to Secured Lender's interest in the Prepetition Collateral. As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund their business operations, except through its use of the Cash Collateral.

19. If approved by this Court, Debtor's right to use Cash Collateral under the terms of the Interim Order will commence on the date of the entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim order; or (b) the entry of the Final Order.

### B.     Adequate Protection

20. In consideration for the interim use of cash collateral, and as adequate protection for any diminution of the interest of the Secured Lender in the Prepetition Collateral, Debtor hereby tenders to the Secured Lender, *to the extent the Secured Lender may hold valid, perfected and unavoidable security interests in the Prepetition Collateral* without any requirement to file any documents to perfect that interest, additional and replacement security interests and liens (the "**Replacement Liens**") as follows:

> **The granting of postpetition security interests equivalent to a lien granted under sections 364(c)(2) and (3) of the Bankruptcy Code, as applicable, in and upon the Debtor's personal property and the Cash Collateral, if any, whether such property was**

**acquired before or after the Petition Date.**

21.     In addition to the Replacement Liens, the Secured Lenders are adequately protected as a result of the continued business operations. But for the continued operation of Debtor, it will be forced to liquidate its assets absent the added value provided by a going concern.

### C.     Request for Final Hearing

22.     Pursuant to Bankruptcy Rule 4001(b)(2), ATR requests that this Court set a date for the Final Hearing that is as soon as practicable, but in no event later than fourteen (14) days following the entry of the Interim Order, and fix the time and date prior to the Final hearing for parties to file objections to this Motion.

### V.     BANKRUPTCY RULE 4001(B)

23.     The Debtor submits that the facts set forth in the Trost Affidavit filed contemporaneously herewith establish that "the relief requested herein is necessary to avoid immediate and irreparable harm" to the Debtor. Bankruptcy Rule 4001(b)(2). Accordingly, Bankruptcy Rule 4001 is satisfied.

### VI.     NOTICE

24.     Bankruptcy Rules 4001 and 9014 generally require that any proceeding to use cash collateral be made only upon Motion and on notice to: (1) any entity that has an interest in the Cash Collateral; (2) a Committee that may be appointed under the Bankruptcy Code (11 U.S.C. § 1102) or, if no such committee is appointed, on the twenty largest unsecured creditors; and (3) such other entities as the Court may direct.

25.     Notice of this Motion has been given via email and/or facsimile transmission to: (1) the Office of the United States Trustee for the Eastern District of Texas; and (2) the Secured

Lender. Each of Debtor's unsecured creditors and any additional parties identified on the attached Mailing Matrix were served via US Mail.

WHEREFORE, the Debtor respectfully requests this Court enter an Interim Order on an emergency basis granting the relief requested herein, establishing a date and time for the Final Hearing, and providing for such other and further relief to which the Debtor may be justly entitled.

|  | Respectfully submitted, |
|---|---|
| Dated: March 31, 2017 | /s/ Robert T. DeMarco |

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
T        972-578-1400
F        972-346-6791
***Proposed*** **Counsel for Debtor and Debtor in Possession**

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this 31st day of March, 2017. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first class mail.

### DEBTOR

**Night Horse Co., LLC,**
8331 Thatcher Road
Argyle, TX 76226

### UNITED STATES TRUSTEE

**Office of the United States Trustee**
110 N. College Avenue, Suite 300
Tyler, TX 75702
Email: USTPRegion06.TY.ECF@usdoj.gov

### ADDITIONAL PARTIES IN INTEREST AND/OR PARTIES REQUESTING NOTICE

**JP Morgan Chase**
Collateral Management Small Business
P.O. Box 33035
Louisville, KY 40232-9891

**JP Morgan Chase**
1200 West University Drive
Denton, TX 76201

**JP Morgan Chase**
c/o Brian A. Kilpatrick
Jackson Walker, LLP
2323 Ross Avenue, 600
Dallas, TX 75201
Fax: 214-661-6656
Email: bkilpatrick@jw.com


**SEE ATTACHED MATRIX**




*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
T        972-578-1400
F        972-346-6791

# Banner and Sign Express

| | Next 15 days | April | May | June |
|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | |
| **Income** | | | | |
| Merchandise Sales | 16,000.00 | 36,000.00 | 42,500.00 | 40,000.00 |
| **Total Income** | 16,000.00 | 36,000.00 | 42,500.00 | 40,000.00 |
| **Cost of Goods Sold** | | | | |
| COGS | 4,000.00 | 9,200.00 | 9,200.00 | 9,200.00 |
| Freight and Shipping | 0.00 | 0.00 | 0.00 | 0.00 |
| Merchant Account Fees | 240.00 | 540.00 | 637.50 | 600.00 |
| **Total COGS** | 4,240.00 | 9,740.00 | 9,837.50 | 9,800.00 |
| **Gross Profit** | 11,760.00 | 26,260.00 | 32,662.50 | 30,200.00 |
| **Expense** | | | | |
| Amortization Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Automobile Expense | | | | |
| Fuel | 125.00 | 225.00 | 225.00 | 225.00 |
| Service | 125.00 | 200.00 | 200.00 | 200.00 |
| Tolls | 40.00 | 80.00 | 80.00 | 80.00 |
| **Total Automobile Expense** | 290.00 | 505.00 | 505.00 | 505.00 |
| Bank Service Charges | 87.50 | 175.00 | 175.00 | 175.00 |
| Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 |
| Depreciation Expense | 0.00 | 0.00 | 0.00 | 0.00 |
| Dues and Subscriptions | 250.00 | 500.00 | 500.00 | 500.00 |
| Equipment Rental | 75.00 | 150.00 | 150.00 | 150.00 |
| Insurance Expense | | | | |
| General Liability | 850.00 | 850.00 | 850.00 | 850.00 |
| Health Insurance | 145.00 | 145.00 | 145.00 | 145.00 |
| Workman's Compensation | 225.00 | 225.00 | 225.00 | 225.00 |
| **Total Insurance Expense** | 1,220.00 | 1,220.00 | 1,220.00 | 1,220.00 |

| | Next 15 days | April | May | June |
|---|---:|---:|---:|---:|
| Interest Expense | 0.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Licenses and Permits | 125.00 | 150.00 | 150.00 | 150.00 |
| Meals and Entertainment | 0.00 | 50.00 | 50.00 | 50.00 |
| Office Supplies | 125.00 | 200.00 | 200.00 | 300.00 |
| Payroll Expenses | 0.00 | 0.00 | 0.00 | 0.00 |
| Postage and Delivery | 150.00 | 300.00 | 600.00 | 600.00 |
| Professional Fees | | | | |
| Accounting Fees | 0.00 | 150.00 | 150.00 | 150.00 |
| Consulting | 100.00 | 100.00 | 100.00 | 100.00 |
| Legal Fees | 0.00 | 0.00 | 0.00 | 0.00 |
| Total Professional Fees | 100.00 | 250.00 | 250.00 | 250.00 |
| Rent Expense | 2,000.00 | 3,610.00 | 3,610.00 | 3,610.00 |
| Repairs and Maintenance | 0.00 | 0.00 | 0.00 | 10,000.00 |
| Salaries/Wages | 4,700.00 | 9,400.00 | 9,400.00 | 11,750.00 |
| Taxes | 0.00 | 0.00 | 0.00 | 0.00 |
| Futa Tax | 0.00 | 150.00 | 0.00 | 0.00 |
| Medicare | 250.00 | 250.00 | 250.00 | 250.00 |
| Property Taxes | 0.00 | 0.00 | 0.00 | 0.00 |
| Sales Tax Paid | 0.00 | 2,160.00 | 2,550.00 | 2,400.00 |
| Social Security | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Suta | 0.00 | 125.00 | 0.00 | 0.00 |
| Total Taxes | 1,250.00 | 3,685.00 | 3,800.00 | 3,650.00 |
| Telephone Expense | 225.00 | 225.00 | 225.00 | 225.00 |
| Travel | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities | 500.00 | 800.00 | 1,600.00 | 1,800.00 |
| Total Expense | 11,097.50 | 24,220.00 | 25,435.00 | 37,935.00 |
| Net Ordinary Income | 662.50 | 2,040.00 | 7,227.50 | -7,735.00 |
| Net Income | 662.50 | 2,040.00 | 7,227.50 | -7,735.00 |

Label Matrix for local noticing
0540-4
Case 17-40662
Eastern District of Texas
Sherman
Fri Mar 31 19:03:56 CDT 2017

AT&T Mobility
PO Box 6463
Carol Stream, IL 60197-6463

AXA Equitable
Box 371405
Pittsburgh, PA 15250-7405

Activity Software
2977 Highway K
#247
O'Fallon, MO 63368-7862

Atmos Energy
PO Box 790311
St. Louis, MO 63179-0311

Attorney General of Texas
Bankruptcy Reporting Contact
OAG/CSD/Mail Code 38
P.O. Box 12017
Austin, TX 78711-2017

Attorney General of Texas
Taxation Division - Bankruptcy
Box 12548 Capitol Station
Austin, TX 78711-2548

Attorney General of the United States
Dept. of Justice
10th & Constitution, Rm 4400
Washington, DC 20530-0001

Boaz Avery
330 E Las Colinas Blvd
Apt 1004
Irving, TX 75039-5595

Capital CDC
1250 S. Capital of Texas Highway
Building 1, Suite 600
Austin, TX 78746-6380

Cardmember Service
PO Box 94014
Palatine, IL 60094-4014

Carrollton-Farmers Branch ISD
C/O Andrea Sheehan
Law Offices of Robert E. Luna, PC
4411 North Central Expressway
Dallas, TX 75205-4210

Chase
PO Box 78039
Phoenix, AZ 85062-8039

City of Carrollton
PO Box 115120
Carrollton, TX 75011-5120

Dallas County
C/O Melissa L. Palo
Linebarger, Goggan, Blair & Sampson, LLP
2777 N. Stemmons Frwy., Suite 1000
Dallas, TX 75207-2328

Robert T. DeMarco
DeMarco-Mitchell, PLLC
1255 West 15th St., 805
Plano, TX 75075-7225

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Kim Trost
8331 Thatcher Road
Argyle, TX 76226-7356

Nationwide Allied Insurance
PO Box 514540
Los Angeles, CA 90051-4540

Night Horse Co., LLC
8331 Thatcher Road
Argyle, TX 76226-7356

Night Horse Properties, LLC
2774 E. Trinity Mills Road, 100
Carrollton, TX 75006-3350

Progressive Waste Solutions
PO Box 650592
Dallas, TX 75265-0592

Randall Trost
8331 Thatcher Road
Argyle, TX 76226-7356

Reliant Energy
PO Box 650475
Dallas, TX 75265-0475

SEC
100 F Street, NE
Washington, DC 20549-2001

Spectrum VOIP
PO Box 250588
Plano, TX 75025-0588

Texas Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy-Collections Division
PO Box 12548
Austin, TX 78711-2548

Texas Comptroller of Public Accounts
Office of the Attorney General
Bankruptcy Collections Div.
P.O. Box 12548, MC-008
Austin, TX 78711-2548

Travelers
PO Box 660317
Dallas, TX 75266-0317

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

| | | |
|---|---|---|
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United Parcel Service<br>PO Box 7247-0244<br>Philadelphia, PA 19170-0001 | United States Attorney<br>110 North College Ave., Ste. 700<br>Tyler, TX 75702-0204 |
| United States Trustee<br>110 North College<br>Suite 300<br>Tyler, TX 75702-7231 | United States Trustee<br>110 North College Ave., Ste. 300<br>Tyler, TX 75702-7231 | VPI, Inc. - Steve Vogds<br>5 Mission Hills Drive<br>Frisco, TX 75034-6876 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Internal Revenue Service -<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (d)SEC<br>100 F. Street, NE<br>Washington, DC 20549-2001 | End of Label Matrix<br>Mailable recipients   35<br>Bypassed recipients    2<br>Total                  37 |